**SUNFLOWER COALITION, an unincor-porated association, Plaintiff,**

v.

**NUCLEAR REGULATORY COMMIS-SION, an independent regulatory commission of the United States; State of Colorado; Richard D. Lamm, in his capacity as Governor of the State of Colorado; Frank A. Traylor, in his capacity as Executive Director of the Colorado Department of Health; and Albert J. Hazle, in his capacity as Director of the Radiation and Hazardous Wastes Control Division of the Colorado Department of Health, Defendants.**

Civ. A. No. 81–C–66.

United States District Court,
D. Colorado.

March 3, 1982.

Paul Snyder, Jr., Boulder, Colo., for plaintiff.

James W. Winchester, Asst. U. S. Atty., Denver, Colo., Eleanor M. Granger, Energy Section, Dept. of Justice, Washington, D. C., Richard L. Griffith, Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Sunflower Coalition brought this suit against the defendants Nuclear Regulatory Commission (hereafter, "NRC"), the State of Colorado, Richard D. Lamm, Frank A. Traylor, and Albert J. Hazle. The plaintiff alleges that the defendants have violated the Uranium Mill Tailings Radiation Control Act, 42 U.S.C. § 2021.

Section 2021 provides for direct state regulation of nuclear byproducts, such as uranium mill tailings. It permits the NRC to "discontinue" its authority over those materials in a particular state by agreement with a state governor. *See* § 2021(b). In 1968, Colorado and the Atomic Energy Commission, the NRC's predecessor, entered into a § 2021(b) agreement. Plaintiff claims that the State of Colorado and the individual defendants, as state officials, have failed to comply with § 2021's requirements. Plaintiff seeks an injunction to compel the state defendants to comply with § 2021, and to require the NRC to supervise more closely Colorado's regulation of uranium mills and mill tailings. Alternatively, the plaintiff seeks an order invalidating the 1968 agreement, thus requiring the NRC to reassert its jurisdiction over such mills and tailings in Colorado.

Plaintiff filed this action without first petitioning the NRC for administrative relief. Defendants filed a motion to dismiss, arguing that this Court lacks subject matter jurisdiction, and that the plaintiff failed to exhaust its administrative remedies. At oral argument on the defendants' motion, I ruled that the complaint would be dismissed unless the plaintiff filed with the NRC a petition setting forth its grievances. Plaintiff was given twenty days to file its petition. The NRC was given thirty days from that filing to decide whether to hold a hearing on the plaintiff's allegations.

Plaintiff filed its petition, and on June 24, 1981, the NRC issued an order denying that petition. The NRC immediately renewed its motion to dismiss this action, again contending that this Court lacks subject matter jurisdiction. The NRC also argues that the plaintiff's claims are mooted by its June 24, 1981 order, and that the plaintiff's complaint fails to state a claim upon which relief can be granted since § 2021 does not create a private cause of action. Plaintiff disputes these contentions. The issues raised by the motion to dismiss have been thoroughly briefed. Additional oral argument would not materially assist in deciding the NRC's motion.

## I. *Jurisdiction.*

In seeking dismissal of this case for lack of subject matter jurisdiction, the NRC argues that exclusive jurisdiction to review its June 24, 1981 order lies with the court of appeals. *See* 28 U.S.C. § 2342(4); 42 U.S.C. § 2239. Plaintiff argues that this Court has jurisdiction to review that order pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq. This apparently is an issue of first impression regarding NRC action under § 2021. My inquiry must begin, therefore, with the statutes providing for judicial review of NRC action.

Title 28 U.S.C. § 2342 provides in part: "The court of appeals has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—

(4) all final orders of the [Nuclear Regulatory Commission] made reviewable by section 2239 of title 42; ..."

Thus, the question is whether the NRC's June 24, 1981 decision is a "final order" under § 2239. Section 2239 provides in part:

"(a) In any proceeding under [the Atomic Energy Act], for the granting, suspending, revoking, or amending of any license or construction permit, or application to transfer control, and in any proceeding for the issuance or modification of rules and regulations dealing with the activities of licensees, ... the Commission shall grant a hearing upon the request of any person whose interest may be affected by the proceeding....

(b) Any final order entered in any proceeding of the kind specified in subsection (a) above shall be subject to judicial review...."

■ The combined effect of 28 U.S.C. § 2342(4) and 42 U.S.C. § 2239 is to grant the court of appeals exclusive jurisdiction over NRC final orders in licensing decisions or in rulemaking regarding licensee activity. The Uranium Mill Tailings Radiation Control Act and the remainder of the Atomic Energy Act clearly provide for NRC licensing authority over uranium mill tailings as byproduct, source, or special nuclear materials. *See* 42 U.S.C. § 2021(b) and (c). It is this licensing authority that § 2021 permits the NRC to "discontinue" in a particular state. *Id.*

■ Plaintiff challenges here the NRC's alleged failure to adequately supervise its agreement with Colorado, or to terminate that agreement. In effect, the NRC's supervision, acceptance, or termination of a state agreement is a licensing decision, since the NRC thereby "exercises" its licensing authority in a particular state. It is indisputable that licensing and control of uranium mill tailings are NRC functions under the Atomic Energy Act. For these reasons, I conclude that the NRC's June 24, 1981 decision regarding the Colorado § 2021 agreement is a final order made reviewable under 42 U.S.C. § 2239, and is within the court of appeals' exclusive jurisdiction. Therefore, this Court is without jurisdiction to consider the plaintiff's complaint.

Accordingly,

IT IS ORDERED that this action is hereby dismissed, without prejudice, for lack of subject matter jurisdiction. Each party shall bear his or its own costs.